**Beverly W. DOGSLEEP,**
**Plaintiff–Appellant,**

v.

**Michael J. ASTRUE,\* Commissioner,**
**Social Security Administration,**
**Defendant–Appellee.**

No. 06–35693.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 7, 2008.

Filed Feb. 13, 2008.

* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

D. James Tree, Esq., Yakima, WA, for Plaintiff–Appellant.

Pamela J. Derusha, Esq., L. Jamala Edwards, Esq., USSP–Office of the U.S. Attorney, Spokane, WA, L. Jamala Edwards, Esq., SSA–Social Security Administration Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: FISHER, GOULD, and IKUTA, Circuit Judges.

## MEMORANDUM **

Dogsleep seeks judicial review of the Commissioner's determination, at step five of the five-step sequential evaluation process, that she was not entitled to supplemental security income benefits because she was capable of performing work that existed in significant numbers in the national economy. *See* 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.1520(a)(4)(v) & 404.1560(c). At step five, the ALJ purported to describe Dogsleep's work limitations in a hypothetical to the vocational expert. In response to this hypothetical, the vocational expert identified three jobs that Dogsleep could perform. However,

the hypothetical did not reflect all of Dogsleep's limitations that had been identified in uncontroverted medical testimony, including that she was limited to superficial public contact, had a work pace that was slower than others, and would be overwhelmed by work with average demands for memory. When Dogsleep posed an alternative hypothetical question to the vocational expert that fully reflected the uncontroverted medical evidence, the vocational expert stated that a person with such limitations would be precluded from work.

The "ALJ is not free to disregard properly supported limitations." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir.2006). Neither may the ALJ ignore the findings of examining and reviewing physicians; the ALJ must "either accept the opinions ... or give specific and legitimate reasons for rejecting them." *Embrey v. Bowen*, 849 F.2d 418, 422 n. 3 (9th Cir.1988); *see also Lingenfelter v. Astrue*, 504 F.3d 1028, 1038 n. 10 (9th Cir.2007); *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir.1995). Here, the ALJ did not give any reasons for his implicit rejection of the opinions of the examining and reviewing doctors, nor did the ALJ reject the vocational expert's response to Dogsleep's hypothetical, which was based on such medical opinions. For this reason, the vocational expert's response to the ALJ's incomplete hypothetical "has no evidentiary value to support a finding that the claimant can perform jobs in the national economy." *DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir.1991); *see also Embrey*, 849 F.2d at 423. Rather, we credit the testimony of the vocational expert in response to Dogsleep's properly supported hypothetical question, *see Lingenfelter*, 504

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

F.3d at 1041; *Lester,* 81 F.3d at 834, and we reverse the decision of the district court upholding the Commissioner's determination.

When an administrative determination must be reversed, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart,* 379 F.3d 587, 595 (9th Cir.2004) (internal quotation marks omitted). We have made an exception in cases where: "(1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Id.* at 593. In this case, because the vocational expert has indicated that there are no jobs available for a person with Dogsleep's uncontroverted limitations, there are no further issues that must be resolved. Accordingly, we **REVERSE** the decision of the district court and **REMAND** with instructions to remand to the Commissioner of Social Security for a calculation and award of benefits.

---

* This disposition is not appropriate for publication and is not precedent except as provided